UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN PAYTON | CIVIL ACTION |
| VERSUS | NO. 25-1477 |
| SAULET APARTMENTS ET AL. | SECTION "L" (3) |

**REPORT AND RECOMMENDATION**

Plaintiff, Jonathan Payton, filed this *pro se* civil action and *in forma pauperis* civil action under 42 U.S.C. § 1983[1] against Sergeant Augustine Yates, Greystar LLC, and Saulet Apartments.[2]

Plaintiff brings this action for property damage to his personal vehicle by Sergeant Augustine Yates on October 11, 2022.[3] In his Statement of Claim, Plaintiff alleges, without correction to spelling or grammar, as follows:

> Sgt Augustine Yates who is employed with the NOPD and Saulet Apartments harassed me and damaged my personal vehicle which was sitting at the corner of Annunciation & Melpomene St. The incident was reported to the Assistant Property manager at the time Korey Francis. We called him from the office and he admitted to his actions.[4]

**I.   Mandatory Screening Provisions**

"There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the

---

[1] R. Doc. 1. Although Plaintiff did not select a basis for jurisdiction on the complaint form, it is assumed that Plaintiff is suing under Section 1983 because he used the civil rights complaint form.
[2] R. Doc. 1 at 4.
[3] *Id.*
[4] *Id.*

1

action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). 28 U.S.C. 1915(e)(2) thus directs, in relevant part, that courts "**shall dismiss** [an *in forma pauperis* plaintiff's] case **at any time**" if the plaintiff's complaint fails to state a claim upon which relief may be granted or is determined to be frivolous.

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (citation omitted). This standard, "when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A "complaint fails to state a claim upon which relief may be granted when it does not contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II.   Analysis

Plaintiff filed this action under 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation omitted). Any alleged constitutional violation must be intentional. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.").

### A. Timeliness

Although Section 1983 does not provide a statute of limitations, Congress has prescribed a three-step process to borrow an appropriate rule under 42 U.S.C. § 1988. The Supreme Court summarized the process:

> First, courts are to look to the laws of the United States "so far as such laws are suitable to carry [the civil and criminal civil rights statutes] into effect." If no suitable federal rule exists, courts undertake the second step by considering application of state "common law, as modified and changed by the constitution and statutes" of the forum State. Ibid. A third step asserts the predominance of the federal interest: courts are to apply state law only if it is not "inconsistent with the Constitution and laws of the United States."

*Burnett v. Grattan*, 468 U.S. 42, 47–48 (1984), *holding modified by Wilson v. Garcia*, 471 U.S. 261 (1985) (citing 42 U.S.C. § 1988). Louisiana Civil Code article 3492's one-year prescriptive period applies to this delictual action because it relates to conduct that occurred prior to July 1, 2024. La. Civ. Code art. 3492, *repealed by* Tort Actions,

3

2024 La. Sess. Law Serv. Act 423 (H.B. 315).[5] Because Plaintiff filed this case on July 16, 2025, almost three years after the events at issue occurred, Plaintiff's claim is untimely.[6]

### B.     Leave to Amend

"Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Wiggins v. Louisiana St. Univ.-Health Care Services Division*, 710 F. App'x 625, 627 (5th Cir. 2017) (internal quotation marks omitted). Leave to amend is not required, however, when an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'" *See Stem v. Gomez*, 813 F.3d 205, 215–16 (5th Cir. 2016) (citations omitted).

Under the circumstances, it does not appear that Plaintiff will be able to state any cognizable federal claims consistent with the facts alleged. For that reason, leave to amend, should Plaintiff seek it, should be denied.

### C.     **State Law Claims**

Whether Plaintiff intends to assert any state law claims is unclear. It is recommended that the Court decline to exercise jurisdiction over any state law claims because Plaintiff lacks a valid federal claim. *Batiste v. Island Records*, Inc., 179 F.3d 217, 227 (5th Cir. 1999).

---

[5] "Under La. Civ. Code art. 3493.1, Louisiana now has a two-year prescription period for torts, but this new provision only applies to actions arising after July 1, 2024." *Allied World Nat'l Assurance Co. v. Nisus Corp.*, 134 F.4th 821, 827 (5th Cir. 2025) (citations omitted).
[6] *See* R. Doc. 1.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that Plaintiff's federal claims against all defendants are **DISMISSED WITH PREJUDICE**.

It is further **RECOMMENDED** that the Court decline to exercise jurisdiction over any state law claims and that those claims be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) *superseded by statute on other grounds*.

New Orleans, Louisiana, this 3rd day of October, 2025.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE